IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEVON MILLER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-170-E |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 15th day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and his claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") failed to provide a sufficient explanation for his residual functional capacity ("RFC") determination by failing to connect the specific limitations contained therein to the record evidence. The Court finds no merit in Plaintiff's position and further finds that substantial evidence supports the ALJ's RFC findings and his determination that Plaintiff is not disabled.

Plaintiff asserts that the ALJ's RFC findings were insufficient because they were not based on, and in fact were at least partially inconsistent with, all of the medical opinions in the record. He further contends that, even if this was not improper *per se*, the ALJ failed to justify the specific restrictions contained in the RFC based on the evidence in the absence of a supporting medical opinion. As to Plaintiff's first point, the Third Circuit Court of Appeals has made clear that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 404.1520b(c)(3), 404.1546(c), 416.920b(c)(3), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Accordingly, an ALJ is not prohibited from making an RFC assessment even if no doctor has specifically made the same findings. *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

The Court further notes that, while the ALJ may not have expressly adopted the opinions of the state reviewing agents, the RFC findings are generally consistent with those opinions. Plaintiff argues that the reviewing agents found that he had moderate limitations in maintaining attention and concentration for extended periods and in his ability to complete a normal workweek without interruption from psychological symptoms and perform at a consistent pace without an unreasonable number and length of rest periods and that these limitations were omitted from the RFC. (Doc. No. 12, p. 12). However, the ALJ did not ignore these findings, but rather found that Plaintiff could maintain concentration, persistence, and pace for extended periods *only* on simple job tasks and *not* on complex job tasks. He also limited Plaintiff to work requiring the performance of only simple, routine, repetitive tasks. (R. 24). The ALJ therefore did account for moderate limitations in concentration and pace by acknowledging Plaintiff's limitations in complex work settings. Likewise, he expressly included restrictions to account for Plaintiff's moderate limitations in carrying out detailed instructions, interacting with others, and responding appropriately to changes in the work setting consistent with the limitations to which the state reviewing agents opined. (*Id.*). While he may have found the reviewing agents' opinions only "somewhat persuasive" (R. 27), the ALJ actually incorporated most if not all of

their suggested limitations and clearly relied on the opinions as at least a starting point in crafting the RFC.

Plaintiff further contends that the ALJ failed to reconcile his RFC findings with the statements of his treating professionals, specifically Lewis Nordin, his blended case worker (R. 89-91), Mary Lasher, D.O., his primary care physician (R. 818, 830), and Kayla Gallagher, L.P.C., his mental health therapist (R. 1180-84). The Court first notes that the ALJ expressly discussed the statements made by each of these professionals in his decision. (R. 25, 26-27). He did not specifically determine their persuasiveness, however, because he correctly identified that these were not medical opinions. Pursuant to the Social Security Administration's regulations, medical opinion evidence consists of a statement or statements "from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [he] ha[s] one or more impairment-related limitations or restrictions in the abilities listed in paragraphs (a)(2)(i)(A) through (D)." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). Statements involving "judgments about the nature and severity of [the claimant's] impairments, [his] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis" are not considered opinion evidence but rather "other medical evidence." *Id.* §§ 404.1513(a)(3), 416.913(a)(3). This other evidence is to be considered, of course, but not evaluated in the same way as opinion evidence. That is exactly what happened in this case.

Indeed, Ms. Gallagher, while she did check boxes and/or fill in blanks on the provided Mental Medical Source Statement pertaining to Plaintiff's diagnosis, treatment, and symptoms, intentionally declined to provide any opinion as to Plaintiff's "work capabilities." (R. 1182). Dr. Lasher, under significant pressure from Plaintiff, mused about whether Plaintiff's anxiety and depression would qualify for disability (R. 1218, 1230), but she did not provide any assessment of Plaintiff's functional capacity. In any event, her statements that Plaintiff may be disabled based on conditions for which she does not appear to have been treating him would go to an ultimate issue reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1520b(c)(3)(i) and 416.920b(c)(3)(i). Finally, there is no evidence that Mr. Nordin is a medical source and, regardless, he likewise offered no opinion regarding Plaintiff's functional capacity. The Court finds, therefore, that the ALJ more than adequately discussed and considered the statements of the medical professionals in the record.

Plaintiff is correct, of course, that an ALJ must explain the basis for the RFC finding and set forth the reasons for crediting or discrediting relevant or pertinent medical evidence in any event. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000); *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001). The ALJ did just that here. First, as discussed above, he clearly relied heavily on the opinions of the state reviewing agents as a starting point in formulating the RFC. Any arguable differences between the limitations included in the RFC and those to which they opined were adequately discussed, and the ALJ provided specific reasons for his findings in regard to Plaintiff's ability to maintain concentration, persistence, and pace, citing to Plaintiff's mental status examinations, treatment history, and the stability of his mental conditions. (R. 23-24, 26). He also observed the numerous areas of inconsistency in Plaintiff's testimony or behavior reflected in the record, including misleading or inconsistent statements made by Plaintiff about his work history and drug use and multiple instances where medical

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

providers observed Plaintiff blatantly malingering in an attempt to improve his disability case. (R. 21, 23, 25-26, 77, 85-88, 896, 1230). The ALJ provided a more than sufficient analysis to allow for meaningful review and for the Court to find that his decision is supported by substantial evidence.

Accordingly, for the reasons set forth herein, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.